UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| DAVID REGALIA,<br><br>   Plaintiff,<br><br>  v.<br><br>CAROLYN COLVIN, Acting Commissioner of Social Security,<br><br>   Defendant. | Case No. CV 12-10869-DFM<br><br>MEMORANDUM OPINION AND ORDER |

  Plaintiff David Regalia ("Plaintiff") appeals from the denial of his application for Social Security benefits. On appeal, the Court determines that the Appeals Council did not err in reassessing Plaintiff's residual functional capacity ("RFC") and that its decision was supported by substantial evidence. Therefore, the Court affirms the Appeals Council's decision.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

  Plaintiff filed his application for SSI benefits on February 25, 2010, alleging disability beginning November 11, 1988. After a hearing before the ALJ on August 2, 2011, the ALJ concluded that Plaintiff retained the RFC to perform light work as defined in 20 C.F.R. § 416.967(b), including lifting

and/or carrying ten pounds frequently and twenty pounds occasionally, but with the following limitations: "standing and/or walking no more than two hours in an eight-hour day; sitting six hours in an eight-hour day; pushing and pulling ten pounds frequently and twenty pounds occasionally with the bilateral lower extremities; and occasional climbing, balancing, bending, stooping, kneeling, crouching, and crawling." AR 35. Based upon this assessment of Plaintiff's RFC and the testimony of a vocational expert ("VE"), the ALJ concluded that Petitioner was capable of performing various jobs only at the sedentary exertional level. AR 37-38. The ALJ then concluded that Plaintiff was not disabled because he was capable of making a successful adjustment to other work that exists in significant numbers in the national economy. AR 38.

Plaintiff appealed to the Appeals Council. AR 19-22. Plaintiff argued that the ALJ erred in finding Plaintiff not disabled because the ALJ's finding that he was limited to sedentary work should have warranted a finding of disability in light of the circumstances that he was approaching advanced age, had a limited education, and had no previous work experience. Id.

The Appeals Council granted the request for review. AR 12-15. On November 14, 2012, the Appeals Council issued its own decision, also denying Plaintiff's application for benefits, but concluding that the ALJ had improperly assessed Plaintiff's RFC. The Appeals Council determined that the ALJ's RFC limitation to no more than two hours of standing and/or walking in an eight-hour day was not supported by substantial evidence in the record. AR 5. The Appeals Council concluded that, based upon the evidence of record, Plaintiff was capable of standing and/or walking for six hours out of an eight-hour work day, and was therefore capable of performing a reduced range of light work. AR 7. The Appeals Council concluded that Plaintiff was not disabled because he could perform a reduced range of light work, and there were jobs

existing in significant numbers in the national economy that Plaintiff could perform. Id. By rejecting the ALJ's conclusion that Plaintiff's RFC limited him to sedentary work, the Appeals Council avoided the finding of disability that such a finding may have warranted.

## II.
## ISSUE PRESENTED

The parties dispute whether the Appeals Council erred in reassessing Plaintiff's RFC. See Joint Stipulation ("JS") at 5.

## III.
## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. The ALJ's findings and decision should be upheld if they are free from legal error and are supported by substantial evidence based on the record as a whole. 42 U.S.C. § 405(g); Richardson v. Perales, 402 U.S. 389, 401 (1971); Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). Substantial evidence means such relevant evidence as a reasonable person might accept as adequate to support a conclusion. Richardson, 402 U.S. at 401; Lingenfelter v. Astrue, 504 F.3d 1028, 1035 (9th Cir. 2007). It is more than a scintilla, but less than a preponderance. Lingenfelter, 504 F.3d at 1035 (citing Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006)). To determine whether substantial evidence supports a finding, the reviewing court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1996). "If the evidence can reasonably support either affirming or reversing," the reviewing court "may not substitute its judgment" for that of the Commissioner. Id. at 720-21.

///

## IV.
## DISCUSSION

Plaintiff contends that the Appeals Council improperly reassessed the ALJ's RFC determination that Plaintiff was limited to sedentary work. JS 6-10, 17-18. Because the ALJ's RFC assessment limiting Plaintiff to sedentary work would lead to a finding of disability, Plaintiff urges the Court to adopt the ALJ's RFC assessment. JS 11.

Where, as here, the decision of the Appeals Council is the final decision of the Commissioner, the Court must review the decision of the Appeals Council to determine whether that decision is supported by substantial evidence, not the decision of the ALJ. See Howard v. Heckler, 782 F.2d 1484, 1486-87 (9th Cir. 1986).

Here, the Court finds that the Appeals Council's decision was supported by substantial evidence in the record. The Court agrees with the Appeals Council's finding that the ALJ's determination that Plaintiff was capable of standing and/or walking for only two hours out of an eight-hour work day was not supported by the medical evidence. AR 5. Dr. Thomas J. Sabourin, M.D., who performed a consultative orthopedic examination of Plaintiff on May 18, 2010, concluded that Plaintiff was capable of standing and/or walking for up to six hours in an eight-hour day. AR 239. Similarly, J. Hartman, M.D., a State Agency reviewing physician, determined that Plaintiff was capable of performing light work based upon the same finding that Plaintiff was capable of standing and/or walking for about six hours in an eight-hour workday. AR 243.

The only evidence in the record to support Plaintiff's assertion that his and neck impairments prevented him from prolonged standing and walking was his own testimony. See AR 53-54, 60-62, 64-65, 68. In fact, Plaintiff did not have any medical treatment for his impairments between 1997 and the

consultative examination in 2010. AR 36. Despite the lack of any medical evidence in the record, the ALJ stated that she had given Plaintiff "the benefit of the doubt and limited his ability to push and pull with the bilateral lower extremities to ten pounds frequently and twenty pounds occasionally, based upon [Plaintiff's] subjective complaints of pain and numbness in the bilateral lower extremities." AR 37. As noted by the Commissioner, it appears that the ALJ extended this "benefit of the doubt" to Plaintiff's standing and walking limitations as well. See JS at 13. Regardless of whether the ALJ purposefully intended to give Plaintiff the "benefit of the doubt" with respect to his standing and walking limitations, these limitations are not supported by any objective medical evidence in the record.

      Moreover, Plaintiff's testimony regarding his standing and walking limitations was rejected by the ALJ, see AR 36, an adverse credibility determination adopted by the Appeals Council. AR 7. The Court finds that the ALJ's adverse credibility determination was supported by "specific, clear, and convincing reasons." Vasquez v. Astrue, 572 F.3d 586, 591 (9th Cir. 2009). As already noted above, Plaintiff received no medical treatment for 13 years, until after he filed his application for benefits. An ALJ may properly rely on an "unexplained or inadequately explained failure to seek treatment or to follow a course of treatment" when assessing credibility. Tommasetti v. Astrue, 533 F.3d 1035, 1039 (9th Cir. 2008). Even when he was being treated in 1997, Plaintiff received conservative treatment and turned down a recommendation for epidural injections. See AR 36, 59, 231-32. A claimant's decision not to pursue available treatment is a factor that can be relied upon in assessing the claimant's credibility. See Fair v. Bowen, 885 F.2d 597, 604 (9th Cir. 1989) (finding that the claimant's allegations of persistent, severe pain and discomfort were belied by "minimal conservative treatment" and failure to follow doctor's advice). The ALJ also noted that Plaintiff's testimony that he could not walk

for half a block or stand for more than five to ten minutes was contradicted by his statements that he had worked as a carpenter in 2005 and that he had recently done some painting and performed occasional odd jobs. See AR 36, 57, 237. An ALJ may consider whether a claimant engaged in daily activities that are inconsistent with the alleged symptoms. Molina v. Astrue, 674 F.3d 1104, 1112-13 (9th Cir. 2012); see also Morgan v. Comm'r Soc. Sec. Admin., 169 F.3d 595, 600 (9th Cir. 1999) (finding that the ALJ may discredit a claimant's testimony when the claimant reports participation in everyday activities that are transferable to a work setting). Finally, the ALJ noted that there were no clinical findings to support Plaintiff's alleged limitations. AR 36-37.

In reviewing the decision of the Appeals Council under the standard articulated in Howard, 782 F.2d at 1487, the Court finds that the determination by the Appeals Council that Petitioner retained the RFC to perform light work with certain postural limitations was supported by substantial evidence in the record. Based upon the Appeals Council's RFC assessment, Plaintiff is not disabled under the Social Security Regulations. Accordingly, Plaintiff is not entitled to relief with respect to this claim of error.

## V.
## CONCLUSION

The Appeals Council's assessment of Plaintiff's RFC was supported by substantial evidence in the record and contained no legal error. Accordingly, the Court AFFIRMS the Commissioner's decision.

Dated: November 21, 2013

_____
DOUGLAS F. McCORMICK
United States Magistrate Judge